UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE: _____

DENISE PAYNE, Individually;
ROBERT COHEN, Individually; and
ACCESS FOR THE DISABLED, INC., a
Florida Not-For-Profit Corporation,

    Plaintiffs,

vs.

BRE/LQ FL PROPERTIES LLC
d/b/a LA QUINTA CORPORATION,
a Foreign Corporation,

    Defendant.
_____/

**COMPLAINT**

    Plaintiffs, DENISE PAYNE, individually, ROBERT COHEN, individually and ACCESS FOR THE DISABLED, INC., a Florida Not-For-Profit Corporation, on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sue Defendant, BRE/LQ FL PROPERTIES LLC d/b/a LA QUINTA CORPORATION, a Florida Corporation (hereinafter "Defendant"), and as grounds allege:

JURISDICTION, PARTIES, AND VENUE

    1.    This is an action for injunctive relief, a declaration or rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

    2.    The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

Page 1 of 9.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DENISE PAYNE, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris*.

5. Plaintiff, ROBERT COHEN, is an individual over eighteen years of age, residing and domiciled in Broward County, Florida, and is otherwise *sui juris*.

6. Plaintiff, ACCESS FOR THE DISABLED, INC., is a not-for-profit corporation formed under the laws of the State of Florida, and maintains its principal office at Coral Springs, Broward County, Florida.

7. At all times material, Defendant, BRE/LQ FL PROPERTIES LLC D/B/A LA QUINTA CORPORATION was and is a corporation authorized to do business in the State of Florida with agents and/or offices in Broward County, Florida.

8. At all times material, Defendant BRE/LQ FL PROPERTIES LLC D/B/A LA QUINTA CORPORATION operated, owned, or leased a hotel located at 3800 West Commercial Boulevard, Fort Lauderdale, Broward County, Florida.

9. Venue is properly located in the Southern District of Florida because Defendants' properties are located in and do business within Broward County, and because a substantial part of the events or omissions giving rise to this claim occurred in Broward County, Florida.

FACTUAL ALLEGATIONS

10. Plaintiff, DENISE PAYNE, is an individual with disabilities as defined by and pursuant to the ADA, and is limited in her major life activities by such disability. Plaintiff has visited the property located at 3800 West Commercial Blvd., which forms the basis of this

lawsuit; and Plaintiff intends to return to the property to avail herself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property, and wishes to continue her patronage and use of the premises. Plaintiff, DENISE PAYNE, is also a member of the Plaintiffs organization, ACCESS FOR THE DISABLED, INC., discussed below.

11. Plaintiff, ROBERT COHEN, is an individual with disabilities as defined by the ADA. Plaintiff suffers from severe neurological and muscular disease that renders him unable to ambulate without a motorized device. Plaintiff, ROBERT COHEN, has visited the property located at 3800 West Commercial Blvd that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property, and wishes to continue her patronage and use of the premises. Plaintiff, ROBERT COHEN, is also a member of the Plaintiffs organization, ACCESS FOR THE DISABLED, INC., discussed below.

12. ACCESS FOR THE DISABLED, INC., is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS FOR THE DISABLED, INC., and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. ACCESS FOR THE DISABLED,

INC., has also been discriminated against because of its association with its disabled members and their claims.

13.     The barriers to access at Defendant's property have denied or diminished Plaintiffs' ability to visit the property and endangered her safety.  The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

14.     Defendant owns, leases, leases to, or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendants own, operate, lease or lease to, is known as a LA QUINTA hotel and located at 3800 West Commercial Blvd., Hollywood in Broward County, Florida.

15.     Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described property but not necessarily limited to the allegations in paragraph 17 of this Complaint.  Plaintiffs have reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Plaintiffs desire to visit the LA QUINTA located at 3800 West Commercial Blvd., Hollywood, not only to avail themselves of the goods and services available at the property but to assure themselves that this property is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

16. Defendant has discriminated against the individual Plaintiffs by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

17. Defendant has discriminated, and continues to discriminate, against Plaintiffs in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the LA QUINTA hotel has shown that violations exist. These violations include, but are not limited to:

### Entrance Access and Path of Travel

A. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG.

### Access to Goods and Services

B. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

C. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

D. There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG.

E. There are recreational areas for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

### Restrooms

F. The rear grab-bar in the toilet room does not comply with the requirements prescribed in Sections 4.26 of the ADAAG.

G. The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.19 of the ADAAG.

H. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG.

I. There are dispensers provided for public use in the restroom that are outside the ranges prescribed in Section 4.27 of the ADAAG.

### Accessible Guest Rooms

J. The rooms designated for disabled use provide elements with controls and/or dispensers outside of the required reach ranges violating Sections 4.2 and 9 of the ADAAG.

K. The fixtures in the disabled use room have controls that cannot be operated with a closed fist in violation of the ADAAG.

L. The shower does not provide a fixed seat as required in Section 4.21.3 of the ADAAG.

M. The sinks in the restroom provided in the room designated for disabled use do not meet the requirements prescribed in Sections 4.19 of the ADAAG.

N. Toilet Flush is not located on the wide side of the toilet area in violation of Section 4.16.5 of the ADAAG.

18. The discriminatory violations described in paragraph 17 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of,

services, programs and activities of the Defendant's buildings and their facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

19.    Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20.    Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs.  Plaintiffs have retained the undersigned counsel and is entitled to recover attorneys fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

21.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22.     Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

23.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter the Boulevard Landmark Condominium located at 3800 West Commercial Blvd, its interiors and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiffs, DENISE PAYNE, ROBERT COHEN, and ACCESS FOR THE DISABLED, INC., respectfully request that this Honorable Court issue (i.) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit are in violation of

Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii.) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii.) An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED:  January 26, 2011.

        Respectfully submitted,

By:    /s/ Daniel B. Reinfeld
        DANIEL B. REINFELD, ESQ.
        Florida Bar No.:  174815
        DANIEL B. REINFELD, P.A.
        Ives Dairy Commerce Center
        20249 NE 16th Place
        Miami, FL 33179
        Telephone: (954) 558-8139
        Facsimile: (954) 628-5054
        E-Mail: dan@reinfeldlaw.com